UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil No.: 1:21-cv-628

| | |
|---|---|
| HARFORD MUTUAL INSURANCE GROUP, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **COMPLAINT FOR**<br>) **DECLARATORY JUDGMENT**<br>) |
| PRESIDIA GENERAL CONTRACTING INC. and HDI GLOBAL SPECIALTY SE | )<br>)<br>) |
| Defendants. | )<br>) |

Plaintiff, Harford Mutual Insurance Group, Inc. (hereinafter "HMIC"), by and through the undersigned counsel, for its Complaint for Declaratory Judgment against Defendants Presidia General Contracting Inc. (hereinafter "Presidia") and HDI Global Specialty SE (hereinafter "HDI"), alleges and says as follows:

## THE PARTIES

1. HMIC is a corporation organized and existing under the laws of the State of Maryland which maintains its principal place of business in the State of Maryland. At all times relevant hereto, HMIC was authorized to conduct business in the insurance industry in the State of North Carolina.

2. Upon information and belief, Defendant Presidia is a corporation organized and existing under the laws of the State of North Carolina which maintains its principal place of business located at 2517 Fairview Street, Greensboro, North Carolina 27405-4919.

3. Upon information and belief, Defendant HDI is a corporation organized under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois.

## JURISDICTION AND VENUE

4. This is a declaratory judgment action with jurisdiction based upon 28 U.S.C. § 2201 and diversity of citizenship under 28 U.S.C. § 1332. The matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs and is between citizens of different states.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) by virtue of the fact that a substantial part of the events giving rise to the claims took place in this District.

6. This Court has the power to grant the relief sought in this action pursuant to, *inter alia*, 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57.

## THE UNDERLYING ACCIDENT & LAWSUIT

7. On or about June 27, 2019, Mr. Bowman was injured while working on construction of an apartment complex over which Presidia was acting as the general contractor when temporary guardrails allegedly failed causing him to fall (hereinafter sometimes referred to as the "Accident").

8. Presidia subcontracted its framing work to HMIC's insured, Tooth & Nail Development, Inc. (hereinafter "Tooth & Nail").

9. Tooth & Nail subcontracted framing work to Raymer Construction, LLC (hereinafter "Raymer").

10. Tooth & Nail performed no work on the construction site in question.

11. Tooth & Nail did not erect the temporary guardrails at issue in Mr. Bowman's Accident.

12. Raymer installed the temporary guardrail work that is alleged to have failed and caused Mr. Bowman's injuries.

13. Tooth & Nail was not responsible for the inspection of Raymer's work.

14. All supervision and oversite of the worksite was performed by Presidia.

15. Presidia was aware that Tooth & Nail would be subcontracting all of its work to Raymer.

16. On or about May 18, 2020, Mr. Bowman commenced a civil lawsuit entitled "*James A. Bowman, Jr., Plaintiff vs. Presidia General Contracting, Inc., Tooth and Nail Development, Inc., and Raymer Construction LLC*", case number 20 CVS 814, was filed in the General Court of Justice, Superior Court Division, for Davidson County, North Carolina (hereinafter referred to as the "Underlying Lawsuit").

17. A copy of the Underlying Lawsuit is attached as Exhibit A.

18. The Underlying Lawsuit arises from the accident and the injuries Mr. Bowman alleges he sustained in the Accident.

## THE CONSTRUCTION AGREEMENT

19. In the Complaint filed in the Underlying Lawsuit, Mr. Bowman alleges that Presidia contracted with Tooth & Nail to perform construction services under a Construction Subcontract Agreement "Presidia Subcontract" (hereinafter referred to as the "Construction Subcontract Agreement").

20. A true and accurate copy of the Construction Subcontract Agreement is attached hereto as Exhibit B.

21. Under Section 7.1 of the Construction Subcontract Agreement, Tooth & Nail agreed to indemnify, defend and hold Presidia harmless for liability claims arising from Tooth & Nail's performance of services for Presidia.

22. However, Tooth & Nail's agreement to defend, indemnify, and hold Presidia harmless is expressly limited under Section 7.1(3) as follows:

> It is expressly acknowledged and agreed that each of the foregoing indemnities is independent, and that both shall be given effect. However, Subcontractor shall not be obligated under this Subcontract Agreement to indemnify Contractor with respect to the joint negligence, sole negligence or willful misconduct of Contractor, his agents, employees, servants or subcontractors who are directly responsible to Contractor, excluding Subcontractor.

23. The Construction Subcontract Agreement contains a choice of law provision under which the parties agreed that the construction and enforcement of the Construction Subcontract Agreement is to be governed by the laws of the jurisdiction where the Work Site is located, which is the State of North Carolina.

4

24. Under North Carolina law, specifically N.C. Gen. Stat. § 22B-1, any agreement contained in or affecting a "construction agreement" purporting to require a promisor to indemnify or hold harmless the promisee, the promisee's independent contractors, agents, employees, or indemnitees against liability for damages "arising out of bodily injury to persons or damage to property proximately caused by or resulting from the negligence, in whole or in part, of the promise, its independent contractors, agents, employees, or indemnitees, is against public policy, void and unenforceable."

25. Under N.C. Gen. Stat. § 22B-1, a "construction agreement" is defined as a "any promise or agreement in, or in connection with, a contract or agreement relative to the design, planning, construction, alteration, repair, or maintenance of a building, structure, highway, road, appurtenance, or appliance, including moving, demolition, and excavating connected therewith."

## **TOOTH & NAIL DISMISSED FROM UNDERLYING LAWSUIT**

26. Mr. Bowman's allegations of negligence as against Presidia are based exclusively on the joint negligence, sole negligence or willful misconduct of Presidia.

27. The Underlying Lawsuit contained no allegations against Tooth & Nail for which Presidia could be held responsible, absent a finding of joint negligence, sole negligence or willful misconduct of Presidia.

28. Mr. Bowman's claim against Tooth & Nail was resolved through settlement on or about June 24, 2021.

5

29. As a result of the settlement, Tooth & Nail has been dismissed from the Underlying Lawsuit *with prejudice* (see attached Exhibit C).

30. The settlement of the Underlying Lawsuit contained no admission of liability on the part of Tooth & Nail and liability was specifically denied by Tooth & Nail. The settlement agreement provides that it is not an admission of liability to Mr. Bowman.

## **HMIC'S COVERAGE**

31. This declaratory judgment action pertains to an actual controversy over potential insurance coverage under insurance policy no. 9178814, which HMIC issued to Tooth & Nail Development, Inc., as the named insured for a period of coverage in effect between November 22, 2018 and November 22, 2019 (hereinafter referred to as the "Policy").

32. A certified true and accurate copy of the Policy is attached hereto as Exhibit D.

33. Upon information and belief, the Policy was delivered to Tooth & Nail within the State of North Carolina. Accordingly, the substantive law of the State of North Carolina applies to the interpretation of the Policy.

34. Presidia has sought coverage under the "Insured Contract" section contained within the Policy.

35. HMIC has agreed to provide coverage under the Insured Contract for a defense of the Underlying Lawsuit on behalf of Presidia while reserving its right to disclaim coverage.

6

36. Pursuant to the insuring agreement contained in The Amendment of Insured Contract Definition, "insured contract" is defined as follows:

> The definition of "insured contract" in the **Definitions** section is replaced by the following:
>
> "Insured contract means:"
>
> [* * * *]
>
> f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf. However, such part of a contract or agreement shall only be considered an "insured contract" to the extent your assumption of the tort liability is permitted by law. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.
>
> Paragraph **f.** does not include that part of any contract or agreement:
>
> (1) That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;
>
> (2) That indemnifies an architect, engineer or surveyor for injury or damage arising out of:
>
>> (a) Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or
>>
>> (b) Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or
>
> (3) Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's

7

rendering or failure to render professional services, including those listed in (2) above and supervisory, inspection, architectural or engineering activities.

37. Coverage is not available to Presidia under the foregoing insuring agreement of the Insured Contract because in order to qualify as an insured contract under the HMIC Policy, the Presidia Contract must require Tooth & Nail to "assume the tort liability" of Presidia and require Tooth & Nail to pay for damage caused, "in whole or in part" by Tooth & Nail.

38. N.C. Gen. Stat. § 22B-1 prohibits any indemnity by Tooth & Nail for damages proximately caused by or resulting from the negligence, in whole or in part, of Presidia.

39. Tooth & Nail has been dismissed with prejudice from the Underlying Lawsuit and cannot, as a matter of law be held responsible in tort for damages alleged in the Underlying Lawsuit.

40. The Construction Subcontract Agreement is void, unenforceable and against public policy and, therefore, does not qualify as an insured contract.

## CLAIM FOR DECLARATORY RELIEF

41. HMIC respectfully requests the Court to judicially declare that it does not afford any coverage under the Policy to Presidia in connection with the Underlying Lawsuit or any claims arising from the alleged accident of June 27, 2019.

42. More specifically, HMIC seeks a declaration from the Court that the Construction Subcontract Agreement is not an "insured contract" under the Insured Contract section.

43. HMIC further seeks a declaration from the Court that HMIC does not have a duty to defend Presidia in the Underlying Lawsuit or in connection with any claims arising from the Accident and, as such, HMIC may withdraw its defense of Presidia in the Underlying Lawsuit.

## **PRAYER FOR RELIEF**

WHEREFORE, HMIC respectfully requests the Court to declare the rights and obligations of these parties as follows:

1. That the Court enter an Order declaring that there is no coverage afforded to Presidia under the Policy in connection with the Underlying Lawsuit and that HMIC does not have a duty to defend Presidia.

2. That the Court enter an Order, declaring that HMIC is relieved of any obligation to continue defending Presidia in the Underlying Lawsuit and that HMIC may therefore withdraw its defense of Presidia in the Underlying Lawsuit.

3. That the Court enter an Order, declaring that HMIC owes no duty to defend Presidia under the Construction Subcontract Agreement.

4. That the Court enter an Order, declaring the Construction Subcontract Agreement void, against public policy and unenforceable.

5. For such other and further relief as the Court deems just and proper.

This the 10th day of August, 2021.

**TEAGUE, CAMPBELL, DENNIS & GORHAM, L.L.P.**

BY: /s/ William A. Bulfer
William A. Bulfer
N.C. Bar No. 31424
Megan N. Silver
N.C. Bar No. 40070
P.O. Box 19207
Raleigh, NC 27619
Telephone: (828) 254-4515
Facsimile: (919) 873-1814
E-mail: wbulfer@teaguecampbell.com
E-mail: msilver@teaguecampbell.com
***Attorneys for Plaintiff Harford Mutual Insurance Company***