IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| Harford Mutual Insurance Group, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21CV628 |
| | ) | |
| Presidia General Contracting Inc. and HDI Global Specialties SE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Plaintiff Harford Mutual Insurance Group, Inc. ("Harford") initiated this action against Defendants Presidia General Contracting Inc. ("Presidia") and Presidia's insurer HDI Global Specialties SE ("HDI"), seeking Declaratory Judgment that provides that Plaintiff does not have a duty to defend Defendant Presidia in connection with the underlying lawsuit in state court, among other things. (ECF No. 1 at 9.) Before the Court are: Plaintiff's Motion to Dismiss Without Prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, (ECF No. 16); Defendant HDI's Motion to Strike pursuant to Rule 7 of the Federal Rules of Civil Procedure and Local Rule 83.4, (ECF No. 25); and Plaintiff's Motion to Dismiss and for Judgment on the Pleadings pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure, (ECF No. 28).

For the reasons that follow, the Court will grant Plaintiff's Rule 41(a)(2) motion, deny Defendant HDI's motion to strike, and deny as moot Plaintiff's Rule 12 motion.

**I. BACKGROUND**

Plaintiff Harford's Complaint alleges the following regarding the underlying state action: On or about June 27, 2019, a worker at a construction site in Durham, North Carolina fell twenty to twenty-five feet and sustained very serious injuries. (ECF Nos. 1 ¶ 7; 1-1 ¶¶ 15, 23, 26.) The worker then initiated an action in the Superior Court for Davidson County, North Carolina, against several companies that the worker alleged were responsible for his injuries, captioned *Bowman v. Presidia General Contracting, Inc.*, 20 CVS 814. (ECF Nos. 1 ¶ 16; 1-1 ¶ 28.) Among the defendants in that case were the general contractor for the site, Presidia, and one of Presidia's subcontractors, Tooth and Nail Development, Inc. ("T&N"). (ECF Nos. 1 ¶ 8; 1-1 at 1.)

T&N had liability insurance with Harford that obligated Harford to defend T&N in the state court proceedings. (ECF Nos. 1 ¶ 31; 1-4 at 27.) Although Presidia had liability insurance with a different insurer, specifically with HDI, (ECF No. 20 ¶ 17), Presidia requested that Harford also provide Presidia a defense against the injured worker's action, (ECF No. 1 ¶ 34). Presidia made this request based on certain language in T&N's policy. (*Id.* ¶¶ 19–22, 34–36.) Harford assented and agreed to defend Presidia while reserving its right to disclaim coverage. (*Id.* ¶ 35.)

During the pendency of the state litigation, Harford determined that the contracts and the circumstances of the state litigation did not actually obligate it to defend Presidia. (ECF No. 1 ¶¶ 31–40.) On August 10, 2021, Harford initiated the instant lawsuit seeking a declaratory judgment that Harford was free to withdraw from Presidia's defense. (*Id.* ¶¶ 41–43.) Harford named both Presidia and HDI as Defendants. (*Id.* at 1.) On September 17, 2021, Defendant HDI filed an answer to the Complaint that asserted a handful of affirmative

defenses but no counterclaims. (ECF No. 14.) Presidia requested and received an extension of time until October to file an answer. (ECF No. 10.) Further, sometime in September 2021, Harford learned that Presidia and the injured plaintiff in the state action reached a settlement. (ECF Nos. 16 at 1; 20 at 13 ¶ 14.) Due to that settlement, on September 28, 2021, Harford filed its Motion to Dismiss Without Prejudice the Complaint in this action pursuant to Rule 41. (ECF No. 16.) Harford sought the consent of both Defendants, and though Presidia consented to Harford's motion, HDI did not consent. (*Id.* at 2.) Following its refusal to consent to voluntary dismissal, (ECF No. 16), HDI amended its previously filed answer as of right to add counterclaims against Harford, (ECF No. 20 at 16–20.). HDI then filed its opposition brief arguing that the issues raised in its counterclaims required further litigation and prevented Harford's voluntary dismissal. (ECF No. 21.)

Since HDI's filing of the counterclaims, Harford has filed an answer, (ECF No. 27), as well as a motion to dismiss and for judgment on the pleadings, (ECF No. 28). Presidia has not responded to the pending motions except to file a statement that it does not oppose Harford's motion to voluntarily dismiss this action. (ECF No. 23.)

## II. PLAINTIFF'S RULE 41(a)(2) MOTION

### A. Standard of Review

Federal Rule of Civil Procedure 41(a)(1) allows a plaintiff to voluntarily dismiss an action without a court order either (i) before the defendant serves an answer or a motion for summary judgment, or (ii) with consent of all parties who have appeared. If neither of those conditions are met, Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." A dismissal under Rule 41(a)(2) is without prejudice unless the Court orders otherwise. *Id.*

3

District courts have discretion whether to dismiss an action under this rule, the purpose of which is to "freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). In considering a motion made under Rule 41(a)(2), the court "must focus primarily on protecting the interests of the defendant." *Id.* However, "[a] plaintiff's motion to voluntarily dismiss a claim should not be denied absent plain legal prejudice to the defendant." *Ellett Bros. v. U.S. Fidelity & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001). The Fourth Circuit has held that "the prospect of a subsequent lawsuit does not constitute prejudice for [the] purposes of Rule 41(a)(2)." *Id.* at 388–89 (citing *Davis*, 819 F.2d at 1274). And even if a plaintiff "will gain a tactical advantage over [a] defendant in future litigation," that is also not sufficient prejudice to prevent dismissal. *Davis*, 819 F.2d at 1275.

Courts in the Fourth Circuit typically consider at least four factors in deciding Rule 41(a)(2) motions: "'[T]he opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal,' as well as the present stage of litigation." *Howard v. Inova Health Care Servs.*, 302 F. App'x 166, 179 (4th Cir. 2008) (unpublished); *Gross v. Spies*, 133 F.3d 914 (4th Cir. 1998) (unpublished) (same).[1] In the context of a Rule 41(a)(2) motion, "present stage of

---

[1] The Fourth Circuit has approved of these four factors in unpublished opinions, but it has not addressed them in published opinions. Unpublished decisions of the Fourth Circuit are not precedential, however, they are entitled to "the weight they generate by the persuasiveness of their reasoning." *Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 219 (4th Cir. 2006) (quoting *Hupman v. Cook*, 640 F.2d 497, 501 n.7 (4th Cir. 1981)). In deciding Rule 41(a)(2) motions, district courts in the Fourth Circuit frequently rely on the four factors provided in *Howard* and *Gross*. *E.g.*, *5-Star Athlete Dev., LLC v. City of Shelby*, No. 21-CV-00323, 2022 WL 3136957, at *2 (W.D.N.C. Aug. 5, 2022) (citing *Howard*, 302 F. App'x at 178); *Curtin v. Cyprus Amax Mins. Co.*, No. CV 20-921, 2020 WL 3129012, at *3 (D. Md. June 12, 2020) (citing *Gross*, 133 F.3d at 914). These factors, or their functional equivalents, are also used in other circuits. 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2364. The Court therefore will assess these factors.

4

litigation" means "whether a motion for summary judgment is pending." *Gross*, 133 F.3d at 914. These factors "are not exclusive . . . and any other relevant factors should [also] be considered by the district court depending on the circumstances of the case." *Id.*

**B.    Discussion**

For the reasons that follow, the Court finds that granting Plaintiff Harford's motion will not prejudice HDI or Presidia and is in keeping with Rule 41(a)(2)'s purpose of "freely . . . allow[ing] voluntary dismissals." *Davis*, 819 F.2d at 1273.

1. <u>The Four Standard Rule 41(a)(2) Factors Weigh in Favor of Plaintiff</u>

The Court first addresses the factors of excessive delay or lack of diligence; whether a motion for summary judgment had been filed prior to the motion; and whether effort or expense had been expended to prepare for trial. The Court finds that all three of these factors weigh in favor of Plaintiff due to the timing of Plaintiff's motion. Plaintiff initiated this action on August 10, 2021, and then moved to voluntarily dismiss it on September 28, 2021. (ECF Nos. 1; 16.) Thus, when Plaintiff made its motion, less than two months had elapsed since it filed its Complaint. Further, at the time of the motion only one of the two defendants had filed an answer, and that answer lacked any counterclaims. (ECF Nos. 14; 19.) It is apparent from this procedural history that Plaintiff did not cause any delay, and that the case had not progressed either to the summary judgment stage or to the point where any party would have devoted resources to preparing for trial. Accordingly, these three factors indicate a lack of prejudice and thus favor granting Plaintiff's motion. *See S. Ry. Co. v. Chapman*, 235 F.2d 43, 43-44 (4th Cir. 1956) (affirming order allowing voluntary dismissal without prejudice because "[n]o counterclaim had been asserted in the action, no depositions had been taken, no interrogatories had been filed and nothing else had been done except that a motion for removal to a district in another state had been filed . . . ."); *see also* 9 Charles Alan Wright &

5

Arthur R. Miller, *Federal Practice and Procedure* § 2364 ("Quite naturally, if [a Rule 41(a)(2) motion] is made at a case's early stage, before much has happened and the defense has invested only limited human and financial resources, the district court is more likely to grant a dismissal . . . .").

The Court next turns to the final of the four factors, specifically, the sufficiency of Plaintiff's explanation of the need for voluntary dismissal. Plaintiff has explained that it decided to voluntarily dismiss this action because Presidia and the plaintiff in the underlying lawsuit reached a settlement that would result in the dismissal of all claims against Presidia in that suit. (ECF No. 16-1 at 1.) Per Plaintiff, at the time it made its motion, it believed that it would soon no longer need the relief it originally sought in this action and that continuing to pursue the action would "result in unnecessary time and expense to the parties in this action."[2] (*Id.* at 2–3.)

The Court finds that this explanation is sufficient. Plaintiff's point that it is likely that it will be unable to gain anything through this action is particularly well taken. *See GMAC Mortg., LLC v. Flick Mortg. Invs., Inc.*, No. 09-CV-125, 2012 WL 1098628, at *5 (W.D.N.C. Mar. 31, 2012) (approving of plaintiff's explanation that "[f]urther participation in [the] case would prejudice [it] by forcing it to continue to expend resources on legal fees and costs, with no

---

[2] Plaintiff has described the status of its claim as "moot." (ECF No. 16-1 at 1.) HDI has challenged this characterization and argues that Plaintiff's claim is not "moot." (ECF No. 21 at 6.) Under the circumstances of this case, whether Plaintiff was technically correct in identifying its claim as "moot" is unimportant as compared to Plaintiff's substantive explanation of its circumstances and why they triggered its decision to seek voluntary dismissal. *See United States v. $70,670.00 in U.S. Currency*, 929 F.3d 1293, 1301 (11th Cir. 2019) (affirming order granting voluntary dismissal where the "district court reached the commonsense conclusion that it no longer mattered [which litigant] had superior title to [certain property]" regardless of whether the action was "'moot' in the jurisdictional sense of the word").

6

future apparent benefit to itself").[3] Further, there is no indication that Plaintiff sought voluntary dismissal for the purpose of inconveniencing any other party or for reasons of gamesmanship. *See Bart v. Reherman*, No. 19-CV-00245, 2020 WL 3421774, at *7 (S.D. W. Va. Apr. 8, 2020) (noting with approval that there was "no indication that [plaintiff] [was] 'seeking to circumvent an expected adverse result'" (quoting *Nesari v. Taylor*, 806 F. Supp. 2d 848, 861 (E.D. Va. 2011)), *report and recommendation adopted*, No. 19-CV-00245, 2020 WL 3421481 (S.D. W. Va. June 22, 2020). And the fact that Presidia—the party that required the defense in the underlying action—does not oppose Plaintiff's motion, (ECF No. 23), lends additional strength to Plaintiff's position. *See Sec. Alarm Fin. Enters., Inc. v. Parmer*, No. 12CV88, 2014 WL 2155031, at *3 (N.D. W. Va. May 22, 2014) (finding that the fact that the majority of parties agreed to dismissal without prejudice weighed in favor of granting Rule 41(a)(2) motion). Thus, this fourth factor also supports Plaintiff.

Accordingly, all four Rule 41(a)(2) factors weigh in favor of granting Plaintiff's motion.

2. <u>HDI Will Not Be Prejudiced</u>

Because the four Rule 41(a)(2) factors weigh in favor of granting Plaintiff's motion, the motion should be granted unless the Court finds that HDI will suffer plain legal prejudice if this action is dismissed without prejudice. Accordingly, the Court now turns to whether HDI will suffer such prejudice.

---

[3] *See also Rubicon Rsch. Priv. Ltd. v. Kartha Pharms. Inc.*, No. 21-CV-129, 2022 WL 275748, at *2 (W.D.N.C. Jan. 28, 2022) (approving of explanation in trade secrets action that plaintiff had enjoyed a competitive advantage due to its trade secret when it initiated the action, but the market had been subsequently flooded with by other competitors and plaintiff no longer wished to pursue defendant); *In re Shavit,* 197 B.R. 763, 769 (Bankr. S.D.N.Y. 1996) (allowing voluntary dismissal where litigant "determined that even if he had standing, he could at best achieve an expensive, Pyrrhic victory"); *Agjunction LLC v. Agrian Inc.*, No. 14-CV-2069, 2015 WL 416444, at *8–9 (D. Kan. Jan. 30, 2015) (approving of plaintiff's explanation that it "ha[d] elected to pursue other business solutions for [it]s claims rather than continuing the ongoing cost and expense to all parties in pursuing [litigation]").

7

HDI's argues that, should Plaintiff's motion be granted, HDI will lose the opportunity to litigate its counterclaims. (*See* ECF No. 21 at 2 ("[A]s demonstrated by HDI's recently filed counterclaim . . . this dispute raises multiple issues requiring legal and factual adjudication . . . ."); *id.* at 9 ("HDI's right to recover . . . payments from [Plaintiff] nullifies [Plaintiff's] motion to dismiss.").) This argument is unpersuasive for several reasons.

First, HDI will not lose the ability to litigate its counterclaims. Rather, HDI will only lose the ability to litigate its counterclaims *in this specific action*. A Rule 41(a)(2) dismissal is without prejudice unless a court orders otherwise. Because a voluntary dismissal without prejudice "operates to leave the parties as if no action had been brought at all," *Dove v. CODESCO*, 569 F.2d 807, 809 n.3 (4th Cir. 1978), HDI may decide to commence an action of its own and litigate whatever claims it desires in that second action. Moreover, HDI could even bring that second action in this Court because HDI has pled that there is diversity jurisdiction for those counterclaims, (ECF No. 20 at 11 ¶¶ 3–6). *See* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2365 (noting concerns related to voluntary motions to dismiss when a district court might lose jurisdiction over a counterclaim and observing that "[o]rdinarily, the defendant's counterclaim can stand on its own and a dismissal can be granted . . . without affecting the counterclaim's adjudication"). That HDI might prefer to litigate as a counterclaiming defendant in this action rather than a plaintiff in a new action is not grounds to deny Plaintiff's motion because "the prospect of a subsequent lawsuit does not constitute prejudice for [the] purposes of Rule 41(a)(2)." *Ellet Bros.*, 275 F.3d at 388–89.

Second, HDI pled its counterclaims *after* Plaintiff moved for voluntary dismissal, and the text of Rule 41(a)(2) indicates that the inability to continue litigation of after-pled counterclaims does not prevent the grant of the motion. Specifically, the rule states that "[i]f

8

a defendant has pleaded a counterclaim *before* being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2) (emphasis added). The rule's use of "*before*" excludes counterclaims pled *after* a plaintiff moves to dismiss from any special protection. If the rule meant for counterclaims filed both before and after a plaintiff moves to equally bar the motion, then the rule would omit the phrase "before being served with the plaintiff's motion to dismiss." *See United States v. Prof. Air Traffic Controllers Org.*, 449 F. 2d 1299, 1300 (3d Cir. 1971) (affirming grant of a Rule 41(a)(2) motion because the "motion to dismiss was served prior to the service of defendants' counterclaim"); *Chinook Rsch. Lab'ys, Inc. v. United States*, 22 Cl. Ct. 853, 854–55 (1991) ("Since no counterclaim was pleaded by defendant . . . before plaintiff served its motion to dismiss . . . the court may grant plaintiff's motion to dismiss its complaint over defendant's objections . . . .").

Third, it would be inequitable to force Plaintiff to continue to litigate here on the basis of counterclaims that were not pled until after Plaintiff sought voluntary dismissal. *See* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2364 ("[A] refusal to consider any equities favoring the plaintiff is a denial of a full and complete exercise of the judicial discretion Rule 41(a)(2) calls for . . . ."). HDI knew before it pled its counterclaims that Plaintiff was seeking to voluntarily dismiss this action without prejudice. HDI could have simply consented to such a dismissal and brought an action of its own, which would have obviated litigating the propriety of the Rule 41(a)(2) motion. Denying Plaintiff's motion based on these counterclaims—which did not exist when Plaintiff sought to disengage—would be unfair, inappropriate, and not consistent with Rule 41. *See Wall v. Conn. Mut. Life Ins. Co.*, 2 F.R.D. 244, 246 (S.D. Ga. 1941) ("[A] counterclaim generally may not be maintained solely

9

for the purpose of preventing the plaintiff from dismissing the action."); *Buller v. Owner Operator Indep. Driver Risk Retention Grp., Inc.*, 461 F. Supp. 2d 757, 765 (S.D. Ill. 2006) (same).

For the foregoing reasons, the Court finds HDI will not suffer plain legal prejudice that would require denying Plaintiff's motion to voluntarily dismiss this action without prejudice. Therefore, because the Court has found that the four Rule 41(a)(2) factors weigh decidedly in favor of Plaintiff, the Court will grant Plaintiff's motion and dismiss this action in its entirety without prejudice.

### III.  HDI'S MOTION TO STRIKE

The Court next addresses HDI's motion to strike portions of Plaintiff's reply brief in support of its Rule 41(a)(2) motion. (ECF No. 25.) HDI argues that Plaintiff raised arguments in its reply brief that exceeded the scope of the arguments raised in its opening brief and in HDI's opposition brief and therefore violated the Local Rules. (ECF No. 25 at 1.) HDI asks that the Court either strike or disregard specific sections of Plaintiff's reply brief that HDI has identified as addressing the merits of its counterclaims. (*Id.*) Plaintiff has responded with a chart that matches arguments it made in its reply brief to arguments that HDI made in its opposition brief. (ECF No. 30 at 1.)

The Court finds that Plaintiff did not exceed the scope of HDI's opposition brief and therefore did not violate the Local Rules. HDI added its counterclaims after Plaintiff filed its Rule 41(a)(2) motion and opening brief, and then HDI submitted an opposition brief arguing that its counterclaims were meritorious and thus prevented granting Plaintiff's motion. HDI cannot now complain that Plaintiff addressed the merits of its counterclaims in Plaintiff's reply to that opposition. Plaintiff did not raise any new issues in its reply, and the Court will therefore deny HDI's motion to strike. *See Garey v. James S. Farrin, P.C.*, No. 16CV542, 2018

10

Case 1:21-cv-00628-LCB-LPA   Document 35   Filed 09/30/22   Page 10 of 11

WL 4688389, at *2 (M.D.N.C. Sept. 29, 2018) (denying motion to strike because a reply brief that properly responds to issues raised in an opposition brief does not violate Local Rule 7.3(h)).

## IV. PLAINTIFF'S RULE 12 MOTION

Because the HDI's counterclaims will be dismissed without prejudice as part of the grant of Plaintiff's Rule 41(a)(2) motion, the Court need not address Plaintiff's motion to dismiss and motion for judgment on the pleadings with respect to those counterclaims, (ECF No. 28). The Court therefore denies this motion as moot.

For the reasons stated herein, the Court enters the following:

### ORDER

**IT IS THEREFORE ORDERED** that Plaintiff Harford's Motion for Voluntary Dismissal Without Prejudice, (ECF No. 16), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant HDI's Motion to Strike, (ECF No. 25), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Harford's Motion to Dismiss and Motion for Judgement on the Pleadings, (ECF No. 28), is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** in its entirety.

This, the 30th day of September 2022.

/s/ Loretta C. Biggs
United States District Judge